UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CLAUDIA B. HILARY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF POINT ARENA and DOES ONE THROUGH 20,<br><br>Defendants. | Case No: C 11-5380 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Dkt. 30 |

The parties are presently before the Court on Plaintiff's Motion for Leave to File First Amended Complaint. Dkt. 30. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

Plaintiff Claudia Hillary was employed by the City of Point Arena ("City") from July 1, 2006 to October 13, 2010. On the evening of October 13, 2010, the City Council voted 3-2 in favor of affirming her release from employment. Two of the members who voted against Plaintiff's release later resigned in November 2010 and April 2011. The other three were recalled on August 30, 2011 following a special election.

On October 12, 2011, Plaintiff filed the instant action against the City in Mendocino County Superior Court. The Complaint alleges a single cause of action for violation of due process, based on the City Council's handling of her employment separation. On November 7, 2011, the City removed the action pursuant to 28 U.S.C. § 1331 on the grounds that Plaintiff's claim is based on federal law.

On February 21, 2012, the Court conducted an initial case management conference. In light of the parties' ongoing efforts to resolve the action on their own, the Court, at the parties' suggestion, declined to enter a pretrial schedule. Dkt. 18. At the next case management conference held on April 12, 2012, the parties indicated that the date for their mediation had been continued, and requested that the Court likewise continue the conference. Dkt. 24. After the parties were unable to reach a settlement at the mediation, the Court conducted a further case management conference on May 24, 2012, at which time the Court set June 13, 2012, as the deadline to file a stipulation or motion to amend the pleadings.

On June 13, 2012, Plaintiff filed the instant motion for leave to amend, which seeks to add a second and third cause of action for retaliation under 42 U.S.C. § 1983 and 29 U.S.C. § 215, respectively. The City opposes the motion on the grounds of undue delay and prejudice. The matter has been fully briefed and is ripe for adjudication.

## II.   LEGAL STANDARD

Rule 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 "is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). Of these factors, prejudice "carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." See DCD Programs, Ltd. v.

Leighton, 833 F.2d 183, 187 (9th Cir. 1987). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

### III. DISCUSSION

The City contends, as a threshold matter, that Plaintiff has unnecessarily delayed in seeking leave to amend, since she has known of the facts giving rise to the two proposed claims since she initiated the action on October 12, 2011. The Ninth Circuit has held that "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 757 (9th Cir. 1999). Rather, there must also be a showing of prejudice, bad faith or futility of the amendment. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court is neither persuaded that Plaintiff has unduly delayed in seeking leave to amend nor that any such delay has unduly prejudiced the City. With regard to the issue of delay, Plaintiff does not dispute that she was aware of the facts giving rise to her proposed claim when she filed suit. Nonetheless, Plaintiff correctly points out that she did not seek leave to amend earlier due to the parties' ongoing efforts to resolve the dispute without the need for further litigation. Moreover, Plaintiff has consistently made it clear in court filings and during the case management conferences that she would seek leave to amend in the event the case did not settle. See Initial Case Management Statement at 3, filed Feb. 14, 2012, Dkt. 17; Second Case Management Statement at 2, filed Mar. 5, 2012, Dkt. 20; Third Case Management Conference Statement at 2, filed May 25, 2012, Dkt. 28. It was only after the parties' settlement efforts stalled that Plaintiff filed the instant motion.

Nor is the Court persuaded by the City's claim of prejudice. The City attempts to make much of the fact that five of the City Council members involved in Plaintiff's separation no longer are in office. The City avers that "[g]iven the drastic reorganization of the City Council, Plaintiff's delay has prejudiced Defendant because the passage of time will have made it increasingly difficult to obtain accurate statements from witnesses pertinent to those events surrounding Plaintiff's release given the fractious political

1 atmosphere." Def.'s Opp'n at 5.  This assertion of prejudice is unavailing.  The City
2 provides no evidence to support its conclusory assertion that it, in fact, will be "difficult" to
3 obtain accurate witness statements.  In addition, the City overlooks that the five City
4 Council members left office *before* Plaintiff filed the instant action, meaning that any
5 purported difficulty resulting from the reorganization of the City Council is no different
6 now than when Plaintiff filed the instant action.  As such, the City cannot legitimately
7 claim that Plaintiff's purported delay in seeking leave to amend is unduly prejudicial.

## IV.     CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.     Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.

2.     Plaintiff shall have two (2) days from the date this Order is filed to file a First Amended Complaint.

3.     This Order terminates Docket 30.

IT IS SO ORDERED.

Dated:  September 17, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge